**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| REGINA ACOSTA AND GABRIELA NUNEZ-VELA, § § § | |
| Plaintifsf, § § | |
| v. § | NO. |
| § | |
| SEQUEL OF NEW MEXICO, LLC d/b/a Bernalillo Academy and AMIR RAFIEI, § § § | |
| § | |
| Defendants. § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, and 1446, Defendant Sequel of New Mexico, LLC d/b/a Bernalillo Academy ("Sequel") removes this action from the Second Judicial District Court in and for Bernalillo County, New Mexico, Case No. D-202-CV-2021-04627, to the United States District Court for the District of New Mexico. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

**I.    SUMMARY OF THE LAWSUIT.**

This lawsuit arises out of Regina Acosta ("Acosta") and Gabriela Nunez-Vela's ("Nunez-Vela") (collectively, "Plaintiffs") employment with Sequel. Plaintiffs claim they were wrongfully terminated in violation of the New Mexico Human Rights Act, N.M.S.A. § 28-1-7(J) because of age and national origin.

## II.     THE COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332.

### A.     The Parties To This Action Are Citizens of Different States.

Plaintiff Regina Acosta alleges that she is a resident of New Mexico. (Complaint at ¶ 1.) Upon information and belief, Acosta is a citizen of New Mexico.

Plaintiff Gabriela Nunez-Vela alleges she is a resident of New Mexico. (Complaint at ¶ 2.) Upon information and belief, Nunez-Vela is a citizen of New Mexico.

Defendant is a Delaware limited liability company that is registered to do business in New Mexico. (*See* New Mexico Secretary of State Corporations and Business Services Search Information for Sequel New Mexico, LLC, attached as Exhibit 1.) Sequel's principal place of business is located at 1131 Eagletree Lane SE, Huntsville, Alabama. (Ex. 1); s*ee also* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state where it has been incorporated and the state where it has its principal place of business). Sequel is a limited liability company organized under Delaware law. An unincorporated association like a limited liability company is determined by looking to the citizenship of its members. *Siloam Springs Hotel, LLC v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). None of the members of Sequel of New Mexico, LLC are residents of New Mexico. Defendant Amir Rafiei is a resident of Utah.[1]

---

[1] Plaintiffs have not yet served Defendant Rafiei. Plaintiffs attempted service via U.S. Mail on or around August 30, 2021, by sending a copy of the Complaint to Bernalillo Academy. Sequel's receptionist signed for the mail in the regular course of business. However, she was not authorized to accept service of Defendant Rafiei's behalf. However, even if Defendant Rafiei had been served, he is a resident of Utah and, therefore, removal based on diversity is appropriate.

**B.     The Amount In Controversy Exceeds $75,000.**

Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). A notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds $75,000 and does not need to provide evidence supporting that allegation. *Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 135 S. Ct. 547, 554 (2014).

In their Complaint, Plaintiffs seek "compensatory damages, including back pay and front pay, liquidated and treble damages, special damages, punitive damages, damages for emotional distress . . . pre and post judgment interest, attorneys' fees, costs . . ." [Complaint at p. 10.] Given Plaintiffs' damage claims, there is a plausible allegation that the amount in controversy in this matter exceeds $75,000.

Courts have routinely recognized that "garden variety" emotional distress damages can be estimated at $30,000. *See Quinby v. WestLB AG*, No. 04 CIV.7406 WHP, 2008 WL 3826695, at *3 (S.D.N.Y. Aug. 15, 2008) ("'Garden variety' emotional distress claims lacking extraordinary circumstances and without medical corroboration generally merit $30,000 to $125,000 awards."); *Wharton v. Cty. of Nassau*, No. 10-CV-0265 JS AYS, 2015 WL 4611974, at *12 (E.D.N.Y. July 30, 2015) ("Courts have sanctioned jury damages ranging from $30,000 to $125,000 for 'garden-variety' emotional distress."). *See also Roberts v. United Parcel Service, Inc.*, —— F.Supp.3d ——, 2015 WL 4509994, at *24 (E.D.N.Y. July 27, 2015) (stating in a hostile work environment case: "'Garden variety' [emotional distress] claims generally merit awards of approximately $30,000—$125,000."); *Olsen v. Cty. of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y.

2009) (noting a case that "'[g]arden variety' emotional distress claims generally merit $30,000 to $125,000 awards.") (citation omitted); *Watson v. E.S. Sutton, Inc.*, 2005 WL 2170659, at *16 (S.D.N.Y. Sept.6, 2005) aff'd, 225 F. App'x 3 (2d Cir.2006) ("The range of acceptable damages for emotional distress in adverse employment action cases lacking extraordinary circumstances seems to be from around $30,000 to $125,000."). Thus, for two Plaintiffs, the Court can estimate an amount of $60,000. Even minimal amounts for back pay, punitive or liquidated damages, and attorneys' fees[2] would raise the amount in controversy to more than $75,000.

### III.   THE REMOVAL IS TIMELY.

Pursuant to 28 U.S.C. § 1446(b), Sequel is timely removing this action within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Plaintiffs filed this action in the state court on or about August 2, 2021. Sequel was served with the Complaint on August 10, 2021. This Notice is being filed within thirty (30) days of service of the Complaint and, therefore, removal is timely.

### IV.   SEQUEL HAS MET ALL REQUIREMENTS FOR REMOVAL.

1. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

2. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

3. Sequel has attached to this notice as Exhibit 2 copies of all process, pleadings, and orders served upon it prior to the filing of this Notice of Removal.

---

[2] Plaintiffs' counsel who filed the Complaint in this matter also represented them for the filing of their charges of discrimination during the agency phase.

4. Sequel has this date filed a copy of this Notice in the Second Judicial District Court in and for Bernalillo County, New Mexico.

5. Sequel has served a copy of this notice upon the plaintiffs.

RESPECTFULLY SUBMITTED this 9th day of September 2021.

       OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

       By: s/ Douglas (Trey) Lynn
       Douglas (Trey) Lynn, Bar No. 150903
       2415 East Camelback Road, Suite 800
       Phoenix, AZ 85016
       Tel:  602.778.3700
       Fax:  602.778.3750
       trey.lynn@ogletree.com

       Amelia M. Willis, NM Bar No. 140042
       One Ninety One Peachtree Tower
       191 Peachtree Street NE, Suite 4800
       Atlanta, GA 30303
       Tel.:  404.881.1300
       Fax:  404.870.1732
       amy.willis@ogletree.com

*ATTORNEYS FOR DEFENDANT SEQUEL OF NEW MEXICO, LLC D/B/A BERNALILLO ACADEMY*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I hereby certify that I caused to be served, via email and U.S.P.S. first class mail, a true and correct copy of the foregoing to the following:

Wayne R. Suggett
Wayne R. Suggett Attorney At Law, P.C.
Albuquerque Plaza
201 Third Street N.W., Suite 1720
Albuquerque, NM 87102
wayne@suggettlaw.com

*Attorneys for Plaintiffs Regina Acosta and Gabriela Nunez-Vela*

SO CERTIFIED, this 9th day of September 2021.

s/ Douglas (Trey) Lynn

48497510.1