# EXHIBIT 2

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
8/2/2021 2:34 PM
CLERK OF THE COURT
Luke Tessman

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

REGINA ACOSTA and GABRIELA NUNEZ-VELA,

        Plaintiffs,

vs.                       No.   D-202-CV-2021-04627

SEQUEL OF NEW MEXICO, LLC.,
d/b/a Bernalillo Academy and AMIR RAFIEI,

        Defendants.

## COMPLAINT FOR WRONGFUL TERMINATION

    Plaintiffs, Regina Acosta, and Gabriela Nunez-Vela, for their complaint against Defendants allege as follows:

### Jurisdiction and Venue.

    1.    Plaintiff Regina Acosta (Ms. Acosta) is a resident of New Mexico and resides in Bernalillo County, New Mexico.

    2.    Plaintiff Gabriela Nunez-Vela (Ms. Nunez-Vela) is a resident of New Mexico and resides in Bernalillo County, New Mexico.

    3.    Defendant Sequel of New Mexico LLC. d/b/a Bernalillo Academy (Bernalillo Academy) is a foreign limited liability company with its principal place of business in Bernalillo County, New Mexico.

1

4.       Amir Rafiei (Defendant Rafiei) is employed by Bernalillo Academy as its executive director in Bernalillo County, New Mexico.  It is believed that Defendant Rafiei is a resident of New Mexico.

5.       The wrongful conduct of Defendants occurred in Bernalillo, New Mexico.

6.       Ms. Acosta timely filed a timely charge of discrimination with the New Mexico Human Rights Bureau on August 10, 2020.

7.       Ms. Nunez-Vela filed a timely filed a charge of discrimination with the New Mexico Human Rights Bureau on August 26, 2020.

8.       Both charges were filed within 300 days of the acts of discrimination complained of.

9.       Ms. Acosta and Ms. Nunez-Vela received letters of nondetermination and right to sue from the New Mexico Human Rights Bureau on May 4, 2021.

10.      Ms. Acosta and Ms. Nunez-Vela have exhausted their administrative remedies under the New Mexico Human Rights Act and have timely filed their complaint within 90 days of the orders of non-determinations issued by the New Mexico Human Rights Bureau.

11.      This Court has personal and subject matter jurisdiction over the claims and parties and venue is proper in this Court.

## Background facts.

### Regina Acosta

12. Ms. Acosta was hired by Bernalillo Academy in 2009 as a residential counselor.

13. During her eleven years of employment, Ms. Acosta never received any discipline.

14. Ms. Acosta is Hispanic and was 57 years-old in July 2020.

15. In July 2019, Ms. Acosta raised a complaint internally with Bernalillo Academy concerning holiday pay.

16. Ms. Acosta believed that her overtime pay was incorrectly determined.

17. When the matter was not resolved to her satisfaction by Bernalillo Academy, she filed a complaint with the New Mexico wage and hour division in December 2019 concerning her belief that she was not properly being paid overtime.

18. Ms. Acosta's supervisor, Amir Rafiei, and HR Manager Vance Hutchison expressed displeasure to Ms. Acosta about her filing a complaint with New Mexico's wage and hour division.

19. Ms. Acosta again raised a complaint related to holiday pay in July 2020. When Defendant Bernalillo Academy did not address her issue, Ms. Acosta informed Defendant Bernalillo Academy that she would add her most recent holiday

overtime pay issue to her complaint with the New Mexico Wage & Hour Department.

20. On July 23, 2020, Ms. Acosta was called on the phone by Bernalillo Academy's Hutchison, Rafiei and her new supervisor, Shama Newtown, and told that she was being laid off.

21. Despite Ms. Acosta being the most senior employee, she was told that seniority was only one factor Defendants considered. The primary factor was that they did not see her as a "dedicated" employee.

22. Hutchison, Rafiei and Newtown failed to provide any details on why Ms. Acosta was not seen as a dedicated employee.

23. In fact, Defendants admit that Bernalillo Academy has a high turnover rate with residential counselors and, therefore, they are always seeking applications from new employees. In fact, Bernalillo Academy was publishing advertisements for residential counselor's right after Ms. Acosta's layoff.

24. Her layoff for position elimination was a pretext to discriminate against her due to her age and race/national origin and in retaliation for her wage and hour claim and internal complaint concerning how her overtime pay was calculated.

### Gabriela Nunez-Vela

25. Ms. Nunez-Vela was hired by Bernalillo Academy in 2017 as a residential counselor.

26. Ms. Nunez-Vela had no discipline against her in her almost three years of employment.

27. Ms. Nunez-Vela is Hispanic and was 50 years-old in July 2020.

28. Ms. Nunez-Vela was a residential counselor who was also the part-time shift manager when the night shift manager was absent.

29. After the new management team took over, Ms. Nunez-Vela raised issues with how the children were regressing in treatment under the new management team.

30. On July 23, 2020, Ms. Nunez-Vela was told she was being laid off by Bernalillo Academy's Rafiei, Hutchison, and Newtown.

31. Defendants did not raise any concerns with Ms. Nunez-Vela's employment performance and told her to check back with them in about two weeks.

32. However, because of position turnover at Bernalillo Academy, Bernalillo Academy continued to advertise for residential counselors.

33. As a result, her lay-off was pretextual.

34. Ms. Nunez-Vela believes the real reason she was being laid off was due to her age (50), her national origin/race (Hispanic) and the issues she was raising about her concerns the children had been regressing in terms of their treatment at Bernalillo Academy under the new management team.

## COUNT I: NATIONAL ORIGIN/RACE AND AGE DISCRIMINATION UNDER THE NEW MEXICO HUMAN RIGHTS ACT

Plaintiff, pursuant to NMRA 2007, 1-010(C), incorporates the factual allegations contained paragraphs 1 through 34 in Count I below.

35. Plaintiff Acosta was 57 years-old at the time of her termination and Ms. Nunez-Vela was 50. They are both Hispanic females.

36. Bernalillo Academy discriminated against Plaintiffs based on their age and national origin/race.

37. Bernalillo Academy took adverse action against Ms. Acosta and Ms. Nunez-Vela when it terminated their employment.

38. Bernalillo Academy's reasons for terminating Ms. Acosta and Ms. Nunez-Vela were pretextual.

39. Bernalillo Academy terminated Ms. Acosta and Ms. Nunez-Vela because of their sex and/or age in violation of NMSA 1978, § 28-1-7.

40. After terminating Ms. Acosta and Ms. Nunez-Vela for pretextual reasons, Bernalillo Academy hired residential counselors who were substantially younger and who were non-Hispanic.

41. Bernalillo Academy's wrongful conduct was intentional and caused damage to Ms. Acosta and Ms. Nunez-Vela.

## COUNT II—WAGE AND RETALIATION CLAIM UNDER NEW MEXICO'S MINIMUM WAGE ACT.

Pursuant to NMRA 2005, 1-010(C), Plaintiff Ms. Acosta incorporate paragraphs 1 through 41 in Count II.

42.    Ms. Acosta typically worked 55 hours or more a week.

43.    In her position as a residential counselor, she was a non-exempt employee entitled to overtime pay for all hours worked in excess of forty hours in a workweek.

44.    Ms. Acosta, on occasion, was not properly paid overtime when she worked holidays. Instead, Bernalillo Academy would move overtime hours to holiday pay.

45.    Ms. Acosta raised this matter on a number of occasions. She first raised this issue in July 2019. When it was not addressed with her, she filed a complaint with New Mexico's Wage & Hour Division in December 2019.

46.    She again addressed the inappropriate overtime hours related to when she works holidays in early July 2020.

47.    When Bernalillo Academy again failed to address this issue, Ms. Acosta said she will add it to her existing complaint.

48.    Approximately two weeks later she was terminated.

7

49. New Mexico law requires non-exempt employees to be paid wages at 1 ½ times their regular rate of pay on all hours in excess of forty in a workweek. NMSA 2021, § 50-4-22(D).

50. New Mexico law prohibits taking adverse employment action against employee's who assert a claim or right pursuant to the Minimum Wage Act, Section 50-4-26.1.

51. Defendants' conduct in retaliating against Ms. Acosta was willful and with reckless indifference to her employment rights.

52. As a result of Defendants' conduct Ms. Acosta has suffered damage.

### COUNT III—UNLAWFUL RETALIATION UNDER NEW MEXICO PUBLIC POLICY

Pursuant to NMRA 2005, 1-010(C), Plaintiffs incorporate paragraphs 1 through 52 in Count III.

53. New Mexico has a strong public policy of protecting employees from retaliation who raise complaints related to the payment of overtime wages. NMSA 2021, § 50-4-26.1.

54. New Mexico also has a strong public policy of protecting children, especially disabled children under the care of third-party caretakers like Bernalillo Academy. See Children's Code, 32A and CYFD regulations, NMAC 11.7.20.11 et seq., specifically New Mexico's Children's Mental Health And Developmental Disabilities Act, 32A-6A-2, 6, 7, and 23.

55. Ms. Acosta and Ms. Nunez-Vela raised good faith complaints that are protected by New Mexico public policy.

56. After raising their complaints, Bernalillo Academy took adverse action against them by terminating their employment.

57. The reason for their terminations, layoffs due to position elimination, were pretextual.

58. As a result of Bernalillo Academy's intentional retaliatory action, Ms. Acosta and Ms. Nunez-Vela suffered damages.

59. Bernalillo Academy's intentional retaliatory conduct was engaged in with intentional and reckless indifference to the rights of Ms. Acosta and Ms. Nunez-Vela.

## COUNT IV—FAILURE TO PAY ALL WAGES DUE UNDER NEW MEXICO'S WAGE ACT, NMSA 1978, § 50-4-4

Pursuant to NMRA 2005, 1-010(C), Plaintiffs incorporate paragraphs 1 through 59 in Count IV.

60. Under New Mexico law, an employer is required to pay all fixed and definite wages and compensation and all such wages and compensation shall be paid within five days of termination. NMSA 1978, § 50-4-4.

61. Vacation, sick and other paid time off is "wages and compensation" under New Mexico law.

9

62. Defendant Bernalillo Academy failed to pay Plaintiffs all their wages and compensation within five days of termination despite demand.

63. Under New Mexico law, the failure to pay all wages and compensation due entitles Plaintiffs to an additional sixty-days of wages. NMSA 1978, § 50-4-4(C).

64. Plaintiffs are entitled to their unpaid wages and compensation and an additional 60-days of wages as a result of Defendant Bernalillo Academy's violation of New Mexico law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this court enter judgment in favor of Plaintiffs and against Defendants for amounts to be proven at trial, including compensatory damages, including back and front pay, liquidated and treble damages, special damages, punitive damages, damages for emotional distress, injunctive and other equitable relief, pre and post judgment interest, attorney's fees, costs, and such further relief as may be proper and just.

WAYNE R. SUGGETT ATTORNEY AT LAW, P.C.

By:/s/ Wayne R. Suggett
WAYNE R. SUGGETT
Attorneys for Plaintiffs
Albuquerque Plaza
201 Third Street N.W., Suite 1720
Albuquerque, New Mexico 87102
Telephone: (505) 767-9804
wayne@suggettlaw.com